Christopher J. Hamner, Esq. (SBN 197117)
Amy T. Wootton, Esq.  (SBN 188856)
**HAMNER LAW OFFICES, APC**
555 W. 5th Street, 31st Floor
Los Angeles, California, 90013
Telephone:   (213) 533-4160
Facsimile:    (213) 533-4167
chamner@hamnerlaw.com
awootton@hamnerlaw.com

Attorneys for Plaintiff, KIMBERLY BERGER, on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BERGER, on behalf of herself and all others similarly situated, <br><br>             Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a Delaware corporation, RASIER-CA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive, <br><br>             Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> **1) BREACH OF CONTRACT;** <br> **2) VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professional Code [§ 17200 et seq.]** <br> **3) PROMISSORY ESTOPPEL** <br> **4) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Kimberly Berger ("Plaintiff") brings this action on behalf of herself and all others similarly situated against defendants Uber Technologies, Inc., a Delaware corporation, Rasier-CA, LLC, a Delaware Limited Liability Company

1

and Does 1 through 10 and states:

# I.

# PARTIES

**A.   Plaintiff**

1.   Plaintiff Kimberly Berger ("Berger" or "Plaintiff"), is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.   Plaintiff was, during the liability period, and still is, an Uber Driver.

**B.   Defendants**

2.   This is an action by and on behalf of current and former Drivers ("Uber Drivers") for Uber Technologies, Inc., a Delaware Corporation and Rasier-CA, LLC, a Delaware Limited Liability Company (Defendants Uber Technologies Inc. and Rasier-CA, LLC are collectively referred to as "Defendants" and "Uber") who are or were employed by Uber in California as Uber "Independent Transportation Providers," and who participated in Uber's "Winter Warmup" beginning in or about January 2015.

3.   Defendant Uber Technologies, Inc., Inc.., is a Delaware corporation, which does business in California and within the County of San Francisco.

4.   Defendant Rasier-CA, LLC, is a Delaware limited liability company which does business in California and within the County of San Francisco.

## II.

## **JURISDICTION AND VENUE**

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because Defendants:

(i) are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district through the promotion, marketing, distribution and sale of their products in this district;

(ii) do substantial business in this district; and

(iii) are subject to personal jurisdiction in this district.

6. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the collective and class action classes he seeks to represent. Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the named defendant and defendants DOES 1 through 10 were affiliated and were an integrated enterprise.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other Class Members, and exercised control over the wages, hours, and working conditions of Plaintiff and the other Class Members.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

8. Business and Professions Code section 17203 provides that any person who engages in unfair competition may be enjoyed in any court of competent jurisdiction.  Business and Professions Code section 17204 provides

that any person acting for the interests of itself, its members or the general public may bring an action in a court of competent jurisdiction. Thus, the above entitled court maintains appropriate jurisdiction to hear this matter.

## III.

## FACTUAL ALLEGATIONS

9. Beginning on or about January 15, 2015, Defendant Uber began a "Winter Warmup" promotion for Uber Drivers. Uber sent the following email to Ms. Berger and other Uber Drivers:

> "To keep things from cooling off after the holidays, this Friday, we're introducing round-the-clock UberX partner fare guarantees and lowering prices for riders to increase demand and your trips."

10. Uber guaranteed UberX Drivers who participated in the "Winter Warmup" the following minimum rates:

Peak - $26/hr. Friday and Saturday (5 pm – 3am);

Regular - $20/hr. Daily (6 am – 5pm); Sunday – Thursday (5 pm – midnight); and

Off Peak - $16/hr. Monday-Friday (Midnight – 6 am); Saturday-Sunday (3 am- 6 am).

11. According to the promotional email, in order to obtain the guaranteed rates as indicated in the UBER "Winter Warmup" email, Uber Drivers had to do the following:

> "Must accept at least 90% of trips
>
> Must average at least 1 trip/hour
>
> Must be online for 50 minutes of every hour worked
>
> Must complete trips in Orange County or Los Angeles"

12. Ms. Berger, and other members of the class, signed up for and fulfilled all the requirements for the "Winter Warmup" guarantee, as set forth in the "Winter Warmup" promotional email.

13. Defendant breached the terms of the "Winter Warmup' program by failing to pay Plaintiff, and similarly situated class members, as promised.

14. Uber's "Winter Warmup" did not provide a clear explanation of how the guarantee worked. Based on the promotional email, Uber Drivers were led to believe that as long as they accepted 90% of trips, averaged at least 1 trip per hour, were online for 50 minutes of every hour worked, and completed trips in Orange County and Los Angeles, they would be guaranteed the advertised rates of $26/hr. for Peak time, $20/hr. for Regular time, and $16/hr. for Non-Peak time.

15. Uber did not disclose that the hourly guarantee would be calculated based on a weekly, or per pay period, gross average all hours worked by Uber Drivers, and not on an hourly basis as promised in the Uber "Winter Warmup" guarantee promotion.

16. Uber did not disclose that the "Winter Warmup" hourly guarantee

reflected an average gross hourly rate, before Uber fees were subtracted.  As a result, the actual hourly rates for Peak, Regular, and Non-Peak hours, were $20, $12, and $10 per hour, and not the $26, $20, and $16 per hour advertised.

## IV.

## CLASS ALLEGATIONS

17. Plaintiff brings the First through Fourth Causes of Action on behalf of herself and on behalf of a proposed class of persons defined as:

**All Uber Drivers (aka "Transportation Providers") who participated in Uber's "Winter Warmup" guarantee promotion beginning in or about January 2015 in California.**

18. There is a well-defined community of interest in the litigation and the Class is ascertainable.

A. Numerosity:  The Class is so numerous that individual joinder of all members is impractical under the circumstances of this case.  While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that it is several thousand employees or more.

B. Common Questions Predominate:  Common questions of law and fact exist as to all Class Members, and predominate over any questions

that affect only individual members of the Class.

C.  Typicality:  Plaintiff's claims are typical of the claims of Class Members.  Plaintiff and other Class Members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to the Class Members as well as Plaintiff.  Plaintiff seeks recoveries for the same type of losses, injuries, and damages as were suffered by the other Class Members as well as Plaintiff.

D.  Adequacy:  Plaintiff and his counsel will fairly and adequately protect the interests of the Class Members.  Plaintiff has no interest that is adverse to the interests of the other Class Members.

E.  Superiority:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the

individual Class Members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

      F.     Public Policy Considerations:     Class actions provide Class Members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## V.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
### (Against Defendant and DOES 1 through 10 Inclusive)

19.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

20.    As set forth herein, Plaintiff and members of the class on one hand,

and Defendant on the other hand, agreed to participate in Uber's "Winter Warmup" guarantee promotion when Plaintiff and members of the class performed the conditions set forth in Uber's email. Uber guaranteed the following minimum rates to Uber Drivers that performed the above-referenced conditions:

> Peak - $26/hr. Friday and Saturday (5 pm – 3am);
> Regular - $20/hr. Daily (6 am – 5pm); Sunday – Thursday (5 pm – midnight); and
> Off Peak - $16/hr. Monday-Friday (Midnight – 6 am); Saturday-Sunday (3 am- 6 am).

21. Plaintiff and similarly situated class members fully performed all promises, covenants, terms and conditions required of them under the "Winter Warmup" guarantee agreement or offered to perform said covenants, terms and conditions.

22. Defendant failed to perform all promises, covenants, terms and conditions required of it under the "Winter Warmup" guarantee promotion despite its express obligations and /or agreement to do so.

23. As a result of Defendant's breach, Plaintiff has suffered damages, plus additional pre and post judgment interest according to law, and costs of suit and attorneys' fees incurred by Plaintiff in pursuing this litigation, all in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## Unfair Business Practices (B&P § 17200)

**(Bus. and Prof. Code § 17200 et seq.- Against All Defendants)**

24.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

25.     Plaintiff brings this action on behalf of each and all members of the general public, including class members and Plaintiff herself, pursuant to Business and Professions Code sections 17200 et seq.  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 et seq. ("UCL").

26.     Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

27.     The unlawful and unfair business practices and acts of Defendants, described above, have injured the California Class members in that they were

wrongfully denied the payment of earned wages as advertised in Uber's "Winter Warmup" promotion.

28. The Plaintiff and the class she seeks to represent seeks restitution in the amount of the respective unpaid wages earned and due as advertised in Uber's "Winter Warmup" promotion and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

29. Plaintiff and the class she seeks to represent and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

30. Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs. The Plaintiff, on behalf of himself and Class members, also seek recovery of attorneys' fees and costs of this action to be paid by Uber, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

31. WHEREFORE, Plaintiff and the class she seeks to represent request relief as described herein and below.

### THIRD CAUSE OF ACTION
### PROMISORY ESTOPPEL (DEMTRIMENTAL RELIANCE)

32. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

33. Plaintiff and the proposed class reasonably relied on Uber's "Winter Warmup" guarantee promotion.

34. Uber's offer to its drivers in its "Winter Warmup" guarantee promotion was unambiguous.

35. It was reasonable and foreseeable that Plaintiff and the proposed class would rely, to their detriment, on Uber's "Winter Warmup."

36. Plaintiff and the proposed class were damages by Uber's failure to pay as promised.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants and Does 1 through 10, and each of them, by engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with conscious and deliberate failure or refusal to discharge his contractual responsibilities without proper cause, Plaintiff is entitled to an award of punitive and exemplary damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(Against Defendant and DOES 1 through 10 Inclusive)**

38. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

39. Uber's "Winter Warmup" guarantee promotion contained an implied covenant of good faith and fair dealing that required that neither Plaintiff and class members nor Defendant do anything that will deprive the other of the benefits of the Winter Warmup" guarantee promotion.

40. Defendants breached the implied covenant of good faith and fair dealing by, among other things, failing to pay Uber Drivers pursuant to the terms of the 'Winter Warmup" agreement.

41. Plaintiff and members of the class duly and fully performed all promises, covenants, terms and conditions required of them under the "Winter Warmup" agreement, or offered to perform said covenants, terms and conditions.

42. Defendants failed to perform all promises, covenants, terms and conditions as required of them under the "Winter Warmup" agreement despite their express obligations.

43. As a result of Defendants' breach, Plaintiff and the class have suffered damages, plus additional pre and post judgment interest according to law, and cost of suit and attorneys' fees incurred by Plaintiffs and the class in pursuing this litigation, in an amount according to proof at trial.

44. As a result of Defendants' intentional, malicious and/or reckless conduct, Plaintiff and class members suffered extreme mental and emotional distress, anguish, humiliation, embarrassment, pain, discomfort and anxiety, the

exact nature and extent of which are not now known to Plaintiffs and the class.

45. Plaintiff is informed and believes, and based thereon allege, that Defendants and Does 1 through 10, and each of them, by engaging in the aforementioned acts and/or in ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with conscious and deliberate failure or refusal to discharge his contractual responsibilities without proper cause, Plaintiff is entitled to an award of punitive and exemplary damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the class she seeks to represent, pray for relief as follows:

1. That the Court determine that this action may be maintained as a class action;

2. That Plaintiff be appointed the Class representative;

3. That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed Class counsel;

4. For such general and special damages as may be appropriate;

5. For waiting time penalties and civil penalties for all Class Members no longer in Defendants' employ at the time of Judgment;

6. For pre-judgment interest;

8. For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 et seq. above;

9. A declaratory judgment that the practices complained of herein are unlawful under California state law;

10. Attorney's fees and costs of suit, including expert fees pursuant to Ca. Lab. Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

11. Such other injunctive and equitable relief as the Court may deem proper.

DATED: January 5, 2016

**HAMNER LAW OFFICES, APC**

/s/
By: Christopher J. Hamner, Esq.,
Attorney for Plaintiff, KIMBERLY BERGER on behalf of herself and all others similarly situated